E-FILED
Friday, 30 January, 2026  02:39:21 PM
Clerk, U.S. District Court, ILCD

**FILED**

JAN 3 0 2026

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF ILLINOIS**

KYREN DARNELL,

Plaintiff,

v.

ALEXI GIANNOULIAS,

in his official capacity as

Secretary of State of Illinois,

Defendant.

26-2038

---

**COMPLAINT FOR DECLARATORY RELIEF**

**(42 U.S.C. § 1983 – Fourteenth Amendment Due Process)**

---

## I. INTRODUCTION

1. This is a civil rights action seeking declaratory relief for ongoing violations of the Fourteenth Amendment's Due Process Clause.

2. Plaintiff challenges the Illinois Secretary of State's practices of maintaining, disseminating, and enforcing driver's license suspension records without constitutionally adequate notice or a meaningful opportunity to be heard, and without a process that moves toward timely resolution.

3. Plaintiff does not seek to enjoin any state criminal prosecution, suppress evidence, vacate convictions, or interfere with any ongoing state judicial proceeding.

4. Plaintiff seeks only a declaration that Defendant's practices violate due process and continue to cause Plaintiff ongoing legal harm.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

6. This action arises under 42 U.S.C. § 1983 and the Fourteenth Amendment.

7. Venue is proper under 28 U.S.C. § 1391(b) because Defendant performs official duties within this District and the effects of the challenged practices are felt here.

## III. PARTIES

8. Plaintiff Kyren Darnell is a resident of Illinois and a licensed driver subject to the records and enforcement practices of the Illinois Secretary of State.

9. Defendant Alexi Giannoulias is sued in his official capacity as Secretary of State of Illinois and is responsible for maintaining driver records, license status determinations, and dissemination of license information to law enforcement and courts.

## IV. FACTUAL ALLEGATIONS

10. The Illinois Secretary of State maintains electronic records reflecting the license status of Illinois drivers, including suspensions.

11. These records are routinely disseminated to:

- law enforcement agencies,

- courts,

- Prosecutors, and other state actors.

12. Law enforcement officers rely on these records in real time to:

- justify traffic stops,

- detentions,

- arrests,

- and criminal charges.

13. Plaintiff was designated in SOS records as having a suspended driver's license.

14. Plaintiff did not receive clear, timely, or meaningful notice informing him:

- of the alleged suspension,

- the effective date,

- the factual basis,

- or the specific procedure to contest the suspension before enforcement.

15. Plaintiff was not afforded a meaningful pre-deprivation hearing to contest the suspension before it was relied upon by law enforcement.

16. As a result of SOS's records and practices, Plaintiff was subjected to:

- repeated traffic stops,

- detention,

- criminal exposure,

- and legal uncertainty.

17. Plaintiff attempted to contest the suspension through derivative court proceedings; however, those proceedings have not moved toward meaningful resolution of the administrative suspension, leaving the deprivation unadjudicated.

18. Despite the absence of any completed adjudication, Plaintiff's driver's license remains designated as suspended in the records of the Illinois Secretary of State and is treated as active and enforceable.

19. No Illinois Secretary of State–initiated administrative hearing has ever been scheduled or conducted to adjudicate Plaintiff's suspension status or to provide Plaintiff a meaningful opportunity to be heard.

20. The Illinois Secretary of State continues to maintain and disseminate Plaintiff's suspension status without:
• a completed administrative adjudication;
• a meaningful hearing; or
• a clear or timely path to resolution.

These practices result in an ongoing deprivation of Plaintiff's liberty and legal rights, not a past or fully concluded injury.

---

**V. CLAIM FOR RELIEF**

**(Fourteenth Amendment – Procedural Due Process)**

**(42 U.S.C. § 1983)**

21. Plaintiff realleges paragraphs 1–20.

22. A driver's license is a protected liberty and property interest under the Fourteenth Amendment.

23. Defendant's practices result in deprivation of that interest without constitutionally sufficient process, including:

a. Failure to provide meaningful notice prior to enforcement;

b. Failure to provide a pre-deprivation opportunity to be heard;

c. Maintenance of suspension status without timely adjudication;

d. Dissemination of unadjudicated suspension data to third parties.

24. Post-deprivation remedies are inadequate where:

- the deprivation is automatic,

- enforcement is immediate,

- and consequences are imposed by third parties.

25. Defendant's conduct constitutes an ongoing violation of procedural due process.

26. Plaintiff seeks declaratory relief only, making this action proper under Ex parte Young.

## VI. DECLARATORY RELIEF SOUGHT

27. Plaintiff requests a declaration that:

a. Defendant's practices of maintaining and disseminating driver's license suspension records without adequate notice and hearing violate the Fourteenth Amendment;

b. The continued enforcement of Plaintiff's suspension status without timely adjudication constitutes an ongoing constitutional violation;

c. Defendant must provide constitutionally sufficient process before maintaining or enforcing such suspensions.

## VII. NO INTERFERENCE WITH STATE PROCEEDINGS

28. Plaintiff does not seek to restrain, enjoin, or interfere with any state criminal prosecution.

29. This action challenges only administrative practices of the Illinois Secretary of State.

30. Abstention under Younger v. Harris is not applicable.

---

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter declaratory judgment as requested;

B. Award costs under 42 U.S.C. § 1988;

C. Grant such other relief as the Court deems just and proper.

---

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

---

Respectfully submitted,

Kyren Darnell

Plaintiff, Pro Se

1303 Eureka Street

Urbana, IL 61801